IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO CATTLE GROWERS
ASSOCIATION, SPUR LAKE CATTLE
COMPANY, NELSON SHIRLEY, ALLEN
CAMPBELL, and HUMANE FARMING
ASSOCIATION,

      Plaintiffs,

vs.                                          No. CIV 23-0150 JB/GBW

UNITED STATES FOREST SERVICE,
ANIMAL AND PLANT HEALTH
INSPECTION SERVICE, CAMILLE HOWES,
in her official capacity as Supervisor of the Gila
National Forest, TOM VILSACK, in his official
capacity as Secretary of the United States
Department of Agriculture, RANDY MOORE,
in his official capacity as Chief of the U.S.
Forest Service, MICHIKO MARTIN, in her
official capacity as Southwester Regional
Forester, HENRY PROVENCIO, in his official
capacity as District Ranger for the Wilderness
Ranger District, Gila National Forest, JANET
BUCKNALL, in her official capacity as Deputy
Administrator of the Animal and Plant Health
Inspection Service, and KIETH WEHNER, in
his official capacity as Western Regional
Director, Animal and Plant Health Inspection
Service,

      Defendants.

## INITIAL SCHEDULING ORDER

      THIS MATTER will be before me for scheduling, case management, discovery and both non-dispositive and dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit.

      The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **April**

**17, 2023**, to formulate a provisional discovery plan.  FED. R. CIV. P. 26(f).  The time allowed for discovery is generally 120 to 150 days.  The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan ("JSR")*, which follows the sample JSR available at the Court's web site.[1]  The parties shall fill in the blanks for suggested/proposed dates.  The Court will determine actual case management dates after consideration of the parties' requests.  The Plaintiff, or the Defendant in removed cases, is responsible for filing the JSR by **April 24, 2023**.  The parties may not modify case management deadlines on their own.  Good cause must be shown, and the Court's express and written approval obtained, for any modification of the dates in the scheduling order that issue from the JSR.

Initial disclosures under FED. R. CIV. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted in my courtroom at the Pete V. Domenici United States Courthouse, Vermejo Courtroom (4th Floor), 333 Lomas N.W., Albuquerque, New Mexico, on **April 27, 2023, at 1:30 p.m.**[2]  If all parties agree that a rule 16 scheduling conference is unnecessary, they may submit a Waiver of Rule 16 Scheduling Conference, which must reflect the concurrence of all parties.

At the Rule 16 scheduling conference, counsel will be prepared to discuss discovery needs (including electronic discovery) and scheduling, all claims and defenses, the use of scientific

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007.  Please visit the Court's web site, www.nmd.uscourts.gov, to download the standardized *Joint Status Report and Provisional Discovery Plan* form.

[2] Counsel may appear by telephone or Zoom.  Counsel wishing to appear in this manner should file a written Notice in CM/ECF indicating their preferred method of attendance.  The Court will schedule a Zoom session and provide connectivity details to the parties through separate communication (the Zoom invitation will contain telephone and/or video conferencing credentials in accordance with said notice(s)).  Counsel appearing by telephone or Zoom are responsible for connecting to the hearing utilizing the appropriate credentials provided by the Court.

evidence and whether a *Daubert*[3] hearing is needed, initial disclosures, and the time of expert disclosures and reports under FED. R. CIV. P. 26(a)(2).  We will also discuss settlement prospects and alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).  The parties should also be prepared to discuss the location of the trial; highest consideration will be given to the convenience of the counsel, witnesses, and parties.  The parties and Court will also discuss the jury pool if a jury trial is requested.  Client attendance is not required.

**The parties are reminded of the disclosure requirements in rule 7.1 of the Federal Rules of Civil Procedure:**

**(a) Who Must File; Contents.**

A nongovernmental corporate party must file…a disclosure statement that:

**(1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or**

**(2) states that there is no such corporation.**

**(b) Time to Filing; Supplemental Filing.**

A party must:

**(1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and**

**(2) promptly file a supplemental statement if any required information changes.**

**The Court requires strict compliance with this rule, especially with the duty to update disclosures, to help it uncover and assess any potential conflicts of interest.**

If service on all parties is not complete, the Plaintiff(s) appearing through counsel or *pro*

---

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (1993).

- 4 -

*se* is (are) responsible for notifying all parties of the contents of this order.   Pretrial practice in this cause shall be in accordance with the foregoing.

_____<br>
UNITED STATES DISTRICT JUDGE